UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF WISCONSIN

───────────────────────────────────────────────────────────────

In re

JOHN T. SCHOMISCH, JR. and
SHELLIE F. SCHOMISCH,

        Debtors.

Case No. 09-34022

Chapter 7

───────────────────────────────────────────────────────────────

MEMORANDUM DECISION ON DEBTORS' MOTION TO DETERMINE
LIEN CLAIM OF DILLEY, SCHOMISCH & ASSOCIATES, LLC

───────────────────────────────────────────────────────────────

This matter is before the Court on the chapter 7 debtors' motion to determine the lien claim of the debtor husband's former law firm, Dilley, Schomisch and Associates, LLC, in certain contingent fee contracts for the provision of legal services. The firm and member Lorn Dilley asserted a counterclaim against the debtor for, inter alia, attorney's fees the debtor received, but withheld from the firm, under the contingent fee contracts the debtor took with him when he left the firm, plus damages for false statements allegedly made concerning dissolution of the firm.

This is a core proceeding under 28 U.S.C. § 157(b)(2), and the Court has jurisdiction under 28 U.S.C. § 1334. The following constitutes the Court's findings of facts and conclusions of law pursuant to Fed. R. Bankr. P. 7052.

BACKGROUND

Dilley, Schomisch and Associates, LLC, was formed January 1, 1998, by attorneys John Schomisch, Jr., and Lorn Dilley, with each member holding a 50% interest in the firm. The practice was generally limited to personal injury litigation. The LLC's Operating Agreement provided that both members would devote time and services to the firm's business and split the

profits equally. Dilley, Schomisch and Associates, LLC, Operating Agreement §§ 2.1, 4.1.

In December 2001, the parties decided to expand into other areas and formed another company, Dilley, Schomisch Properties, LLC, in which they also had equal percentage interests. The company bought commercial buildings and land for development.

After several years of practicing law together, Mr. Schomisch decided to part ways with Mr. Dilley. According to Mr. Schomisch, around 2007 and 2008 he became concerned that Mr. Dilley was not carrying his fair share of work and suggested they modify the firm's profit formula to correspond to each member's productivity. Mr. Dilley claims Mr. Schomisch's assertions are baseless because the former not only continued to generate fees from personal injury clients, but was also primarily responsible for the income generated by the commercial real estate company. At the suggestion of outside counsel, Mr. Schomisch requested the dissolution of the firm in a letter dated February 18, 2009. However, the two members were unable to reach an agreement as to the winding up of the business, with issues regarding the firm's finances being the primary dispute.

According to Mr. Schomisch, Mr. Dilley refused to act upon the former's requests to dissolve the LLC. In June 2009, Mr. Schomisch moved his practice to a separate location. He also obtained written permission of the clients whose cases he had been working on to continue with such representation.

According to Mr. Dilley, after Mr. Schomisch left, the firm elected to continue the company by affirmative vote and redeemed Mr. Schomisch's interest in the company, as set forth in the Operating Agreement. Mr. Dilley asserts that Mr. Schomisch's notices to the clients (which stated the firm would be dissolving) were misleading because the firm did not dissolve

and Mr. Schomisch took possession of the case files without the permission of the firm. Also, the statement that the firm would be dissolving was deceptive in that it implied that the clients would be without representation once Mr. Schomisch left.

After Mr. Schomisch left, Mr. Dilley remained at the same location and changed the name of the firm to Dilley & Associates, LLC. Mr. Dilley caused the firm to perfect an Attorney Lien under Wis. Stat. § 757.36 on sixteen of the cases the debtor took with him. Mr. Dilley also caused the firm to intervene in a case in which Mr. Schomisch represents the client and has asserted a claim against the client for breach of the retainer agreement with the firm. On August 13, 2009, Mr. Schomisch filed Articles of Dissolution of a Limited Liability Company, effective May 15, 2009.

ARGUMENTS

Mr. Schomisch asserts that his clients are entitled to his services personally and that the firm was in effect dissolved and, therefore, could not render services going forward. There was a de facto dissolution of the LLC upon the departure of Mr. Schomisch and the LLC is reasonably entitled to only the value of the services provided by him prior to its dissolution. Mr. Schomisch believes it would be in the best interests of the parties to have an appointed arbitrator determine what amount, if any, would fairly compensate the firm for services performed before his dissociation from the firm and its dissolution.

Mr. Dilley argues that, because of the actions of Mr. Schomisch, the firm was left without any assets and substantial debt. Because the firm did not dissolve upon Mr. Schomisch's departure, the firm is entitled to its one-third percentage of any settlement or judgment in the clients' cases minus a reasonable hourly fee for Mr. Schomisch's services to finish the cases.

3

The firm properly served Attorney Lien Notices in all sixteen of the cases that Mr. Schomisch retained. The firm also has an interest in a computer, computer equipment, a printer, furniture and reference books improperly taken by Mr. Schomisch when he left the firm. Additionally, Mr. Schomisch failed to disclose $61,666,67 in cash he received on September 22, 2009, pursuant to a settled personal injury claim, and subsequently converted the funds for his personal use. Mr. Dilley consents to the appointment of an arbitrator to determine the distribution of attorney's fees under the contingent fee contracts.

## DISCUSSION

A limited liability company is dissolved pursuant to state law, which provides the following:

> A limited liability company is dissolved and its affairs shall be wound up upon the happening of the first of the following:
> (1) The occurrence of events specified in an operating agreement.
> (2) The written consent of all members.
> (3) The department administratively dissolves the limited liability company under s. 183.09025(2)(c), unless the limited liability company is subsequently reinstated under s. 183.09025(4)(b) or pursuant to judicial review under ss. 227.52 to 227.58.
> (4) For a limited liability company organized before October 1, 2002, an event of dissociation of a member, unless any of the following applies:
> > (a) The business of the limited liability company is continued by the consent of all of the remaining members within 90 days after the date on which the event occurs at which time the remaining members may agree to the admission of one or more additional members or to the appointment of one or more additional managers, or both.
> > (b) Otherwise provided in an operating agreement.
> (5) Entry of a decree of judicial dissolution under s. 183.0902.

Wis. Stat. § 183.0901. There was no written consent to dissolution by all members, so subsection (2) is inapplicable. In fact, Mr. Dilley elected affirmatively to continue the LLC. Likewise, the department of financial institutions did not administratively dissolve the company,

4

and there has not been a decree of judicial dissolution, or even any action filed, so subsections (3) and (5) are inapplicable.

Article 9 of the Operating Agreement of Dilley, Schomisch and Associates, LLC, provided for the dissociation and dissolution of the company. Under the Operating Agreement:

> The Company shall be dissolved upon the happening of any of the following: (1) the sale or other disposition of all or substantially all the Company's assets; (2) the election by a unanimous Affirmative Vote to dissolve the Company; or (3) the Dissociation of any Member, unless, within 90 days of the date on which the Company receives written notice of the Dissociation, the Members vote to continue the Company by Affirmative Vote.

Dilley, Schomisch and Associates, LLC, Operating Agreement § 9.2. Under the operating agreement, the only certain event of dissociation that occurred was Mr. Schomisch's filing of a voluntary bankruptcy petition on September 29, 2009. *See* Dilley, Schomisch and Associates, LLC, Operating Agreement § 9.1(a)(ii). And according to Mr. Dilley, as the sole remaining member, he timely voted to continue the company. Therefore, subsections (1) and (4) of Wis. Stat. § 183.0901 are inapplicable, as well.

Because this Court lacks subject matter jurisdiction to dissolve the company pursuant to Wis. Stat. § 183.0902 ("the circuit court for the county where the limited liability company's principal office, or, if none in this state, its registered office, is or was last located may order dissolution of a limited liability company"), it denies the debtor's request to retroactively dissolve the LLC. To date, the LLC *still* has not been properly dissolved, even though Mr. Schomisch dissociated from the firm on September 29, 2009, and ineffectively tried to dissolve it thereafter. Therefore, the LLC maintains a lien in the contingent fee employment contracts, less a fair allowance for the time and expenses attributed to the services of Mr. Schomisch after dissociation. As consented to by both parties, an arbitrator shall be appointed to determine the

value of the legal services provided by Mr. Schomisch to the clients of the LLC after his bankruptcy was filed. Since the proceeds of one of the cases in dispute was allegedly paid out and converted by Mr. Schomisch, this would be one of the matters to be determined by the arbitrator. If there are matters outside the scope of the arbitrator's task in determining the rights of the firm and the debtor to the portion of fees due each, a motion may be submitted to this court for such determinations.

    If the parties are unable to agree on an arbitrator, the parties will submit proposed names, and the court will make the appointment.

October 19, 2010

                            Margaret Dee McGarity
                            United States Bankruptcy Judge